JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Willie J. O'Neal ("O'Neal") appeals his conviction for domestic violence. Finding no error in the proceedings below, we affirm.
 {¶ 2} At trial, the testimony revealed that the victim, Gabriela Kimbrough, and O'Neal got into an argument, which continued for some period of time, during the morning of March 5, 2004. The victim's daughter, Tamara Johnson, arrived at their apartment, along with a few other people. The argument between the victim and O'Neal continued to escalate. The victim told O'Neal to leave.
 {¶ 3} Both parties were angry and O'Neal approached the victim. The victim's daughter remained in the apartment and argued with O'Neal on her mother's behalf. At some point, O'Neal tried to pull out a jackknife, but it was broken. The victim grabbed a knife, but thought better of it when O'Neal threatened her. At this point, the testimony varies considerably. From the transcript we glean that a deputy from the Cuyahoga County Sheriff's Department was on the scene for other reasons, heard the commotion, and checked out the scene. The victim was visibly upset and her left cheek was swollen. O'Neal left the apartment followed by the victim's daughter, who was yelling and screaming at him.
 {¶ 4} Outside, another deputy separated the two and checked O'Neal for warrants. This deputy took O'Neal back inside to gather is belongings, at which time he was arrested for domestic violence.
 {¶ 5} The victim went to the hospital and was treated and released. There are photographs depicting the injury to the victim's left cheek.
 {¶ 6} O'Neal was charged with two counts of felonious assault and one count of domestic violence. The case was tried to the bench, and the trial court found O'Neal guilty of felony domestic violence and not guilty of either count of felonious assault.
 {¶ 7} O'Neal appeals, advancing two assignments of error for our review.
 {¶ 8} "I. Defendant's conviction is not supported by sufficient evidence."
 {¶ 9} O'Neal argues that there were substantial inconsistencies in the state's case and therefore the conviction should be reversed. O'Neal points out that the testimony of the victim and that of her daughter conflict regarding how O'Neal handled the knife, who let the deputies in, and whether the victim fell to the ground. Furthermore, he argues that the testimony of the victim and her daughter conflicts with the deputies' testimony as to when O'Neal punched the victim.
 {¶ 10} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 11} The domestic violence statute provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(A).
 {¶ 12} Admittedly, a review of the transcript reveals that there are many inconsistencies in the witnesses' testimony; however, what is clear from the record is that O'Neal, the victim's live-in boyfriend, punched the victim on the left side of her face and caused her cheek to swell and bruise. It does not matter at what point during the ongoing argument this occurred, only that it did occur. The victim and her daughter testified that O'Neal punched the victim in the face. The two deputies observed the swelling, arrested O'Neal, and advised the victim to go to the hospital. There were pictures of the injury. The trial court is in the best position to evaluate the credibility of the witnesses. The trial court listened to the evidence, asked questions to clarify the testimony, and then made its decision. The court's ruling reveals that it considered all of the conflicting testimony and found O'Neal not guilty of the two counts of felonious assault and guilty of the domestic violence.
 {¶ 13} We find that there is sufficient evidence to support a conviction for domestic violence. O'Neal's first assignment of error is overruled.
 {¶ 14} "II. Defendant's conviction is against the manifest weight of the evidence."
 {¶ 15} Again, O'Neal argues that the inconsistencies in the witnesses' testimony warrant reversal of his conviction as against the manifest weight of the evidence.
 {¶ 16} In reviewing a claim challenging the manifest weight of the evidence, we are directed as follows: "`[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins, 78 Ohio St.3d at 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 17} After reviewing the entire record, we cannot say that the trial court clearly lost its way when finding O'Neal guilty of domestic violence. O'Neal's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., Concur.